### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUANG SHUN GAO,**<br>             **Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **JOHN E. RIFE, ET AL.,**<br>             **Respondents.** | **NO.  26CV5437** |

## O R D E R

**AND NOW**, this 6th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition (ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1. The Petition is **GRANTED**;[i]

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on August 8, 2026**;

3. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody;

4. If the Government chooses to pursue re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and,

5. Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission of the Court to move him.  If unforeseen or emergency circumstances arise that require Petitioner to be removed, any

such request must include an explanation for the request as well as a proposed

destination.


**BY THE COURT:**


      **/s/ Wendy Beetlestone**
**WENDY BEETLESTONE, C.J.**

---

[i] Petitioner Guang Shun Gao entered the United States without inspection on or about April, 2023. Shortly thereafter, he was detained by Department of Homeland Security (DHS) personnel, who initiated removal proceedings before releasing him to live with family members in Philadelphia. Gao has since submitted an asylum application, which remains pending. During a regularly scheduled check-in with DHS officials, Gao was taken into custody. He is now detained at the Philadelphia Federal Detention Center, supposedly pursuant to 8 U.S.C. § 1225(b)(2)(A), a mandatory detention provision that denies him the right to a bond hearing.

In similar cases, where the parties made nearly identical arguments, this Court held that detaining individuals in Petitioner's position without a bond hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*. *See, e.g.*, *Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (E.D. Pa. Dec. 22, 2025) (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)). Likewise, the Court has previously rejected the Government's argument that noncitizens like Petitioner are persons "seeking admission" and therefore detainable under § 1225(b)(2)(A). *See, e.g.*, *Peixoto v. Jamison*, 2:26-cv-967, Dkt. No. 5, n.i (E.D. Pa. Feb. 20, 2026); *Castaneda Salinas v. Jamison, et al.*, 2:26-cv-1345, Dkt. No. 7, n.1 (E.D. Pa. Mar. 5, 2026); *Tukhtaev v. Jamison*, 2:26-cv-01969, Dkt. No. 8, n.i (E.D. Pa. Mar. 31, 2026). The same reasoning applies here.

Thus, because the Government lacks a legal basis for detaining Petitioner pending resolution of removal proceedings, he must be released immediately. It is unnecessary to reach his alternative grounds for relief given he is entitled to release under his INA claim.